**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12089

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EVAN GRAVES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00144-SPC-KCD-1

_____

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Evan Graves appeals the district court's forfeiture order for one count of wire fraud. He argues that the district court erred in accepting his guilty plea when the plea

colloquy did not properly advise him of his restitution and forfeiture obligations.  He argues that the court failed to make the necessary findings required to order him to forfeit real property as substitution for his total forfeiture amount of $1,355,600.  He also argues that the forfeiture order is an excessive fine under the Eighth Amendment.  After careful review, we affirm.

## I.

First, Graves asserts that the district court erred in failing to advise him of his restitution and forfeiture obligations during the plea colloquy.  Graves did not object to the acceptance of his guilty plea before the district court, so we review his challenge on appeal for plain error.  *United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014).  Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) seriously affected the fairness of the juridical proceedings.  *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).

Because a defendant waives several constitutional rights in pleading guilty, due process requires that he make his plea knowingly and voluntarily.  *Rodriguez*, 751 F.3d at 1251.  Before a court can accept a guilty plea, it must inform the defendant of the nature of the charges against him and confirm that the guilty plea is made voluntarily and free from force, threats, or promises other than those in a plea agreement.  Fed. R. Crim. P. 11(b)(1)(G), (2).  The court must also inform the defendant of any maximum and mandatory minimum penalties.  Fed. R. Crim. P. 11(b)(1)(H)-(I).  And the court must also advise the defendant of its obligation to impose

24-12089                Opinion of the Court                3

any applicable forfeiture and its authority to order restitution.  Fed. R. Crim. P. 11(b)(1)(J)-(K).

In assessing whether the defendant has shown that his rights were substantially affected or prejudiced, we examine whether the plea colloquy satisfied the three core concerns of Rule 11: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003).  In the plain-error context, we will uphold a plea colloquy "that fail[s] to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns." *Id.*

Graves does not challenge the first or second core concerns of Rule 11.  Instead, he argues that under the third core concern, he did not understand the consequence of pleading guilty— that he would be subject to both restitution and forfeiture orders.  A court's plea colloquy complies with the third core principle if the substance of the colloquy makes the consequences of a guilty plea clear in general terms, even if the court does not explicitly mention each consequence. *See Monroe*, 353 F.3d at 1356.  "[I]n Rule 11 proceedings, matters of substance, not form, are controlling." *Id.* at 1351.

Although the court could have been clearer about the difference between restitution and forfeiture, the court did ask Graves if

he had reviewed the plea agreement.  Graves answered in the affirmative.  He had also initialed each page in addition to signing the agreement.  The plea agreement explained that he would be subject to both forfeiture and restitution.  The plea agreement recognized that restitution was mandatory to the Small Business Administration under 18 U.S.C. §§ 3663A(a)-(b).  Notably, the plea agreement expressly stated that "[f]orfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture."  Thus, the substance of the plea colloquy complied with Rule 11.  *See id.*  We affirm as to this issue.[1]

## II.

Second, Graves asserts that the court failed to make the necessary findings required to order him to forfeit real property as substitution for the amount of forfeiture ordered.  The government responds that Graves has waived his right to raise this issue because of his sentence-appeal wavier.

Criminal forfeiture is part of a defendant's sentence.  *Libretti v. United States*, 516 U.S. 29, 38–39 (1995); 28 U.S.C. § 2461(c).  We review the validity and scope of a sentence-appeal waiver de novo.  *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022), *abrogated*

---

[1] We also note that nowhere in the record or in Graves' briefing does he argue that had he known the difference between forfeiture and restitution, he would not have pleaded guilty.  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

*on other grounds by Hunter v. United States*, 146 S. Ct. 1702 (2026). An appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Sentence-appeal waivers are valid if the government shows either that (1) the district court specifically questioned the defendant about the waiver or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

The "touchstone" for assessing whether a sentence-appeal waiver was made knowingly and voluntarily is whether "it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (citation modified). The court need not cover every exception to the sentence-appeal waiver in its colloquy to effectively convey that a defendant is giving up his right to appeal in most circumstances. *Id.* Generally, a waiver is enforceable if the defendant claimed to understand it during the plea colloquy, confirmed he read the plea agreement and knew it was binding, and entered the agreement freely and voluntarily. *See id.*

Here, Graves waived his right to appeal his sentence, including the forfeiture of property, by knowingly and voluntarily entering an appeal waiver as part of his plea agreement. *Bushert*, 997 F.2d at 1351. The district court advised Graves during the plea colloquy that he was waiving the right to appeal except in certain narrowly specified situations including being sentenced above the guideline range, an Eighth Amendment issue, or if the government

6                    Opinion of the Court                    24-12089

appealing the sentence, and Graves stated that he understood. *Boyd*, 975 F.3d at 1192. Graves also signed the plea agreement, which contained an explicit sentence-appeal waiver, and confirmed to the court that he read and understood his plea agreement. *Id.* Graves' argument does not fall into any of the limited exceptions. Thus, we dismiss the appeal as to this issue.[2]

### III.

Last, Graves argues that the forfeiture order is an excessive fine under the Eighth Amendment.[3] We review de novo "[w]hether a forfeiture order is constitutionally excessive under the Eighth Amendment." *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003).

A defendant convicted of wire fraud "shall be fined," sentenced to prison for more than twenty years, or both. 18 U.S.C.

---

[2] The Supreme Court has recently held that an appeal waiver is unenforceable when it would result in a miscarriage of justice, or, in other words, "when it would leave in place the kind of egregious error that would bring the judicial system into disrepute." *Hunter v. United States*, 146 S. Ct. 1702, 1708 (2026). The Court held that, to void an appeal waiver, the district court's error must be "obvious—not one a judge could reasonably make" and "must be of the type that would undermine public confidence in the judiciary." *Id.* at 1713.

*Hunter* was released after briefing was completed, so Graves did not argue that the enforcement of the appeal waiver would result in a miscarriage of justice. Regardless, his argument on appeal does not meet the high bar for establishing a miscarriage of justice. Thus, *Hunter* also supports dismissing this issue.

[3] The government does not assert the waiver on the Eighth Amendment challenge from Graves' plea agreement because the court did not go over that waiver at the plea hearing.

§ 1343. The maximum statutory fine for wire fraud is twice the gross gain. *Id.* § 3571(d). A defendant convicted under § 1343 must forfeit any property, real or personal, which constitutes or derives from proceeds traceable to their offense. 18 U.S.C. § 981(a)(1)(D)(vi); 21 U.S.C. § 853(a)(1). If the defendant is convicted of a criminal offense giving rise to the forfeiture, the court must order forfeiture of the property as part of the sentence. 28 U.S.C. § 2461(c). The court must also order restitution for any offense in which an identifiable victim has suffered a pecuniary loss. 18 U.S.C. § 3663A(a), (c)(1)(B); U.S.S.G. § 5E1.1(a)(1).

When criminal forfeiture is authorized under § 2461(c), the district court has no discretion and must order forfeiture. *United States v. Brummer*, 598 F.3d 1248, 1250–51 (11th Cir. 2010) (per curiam). Collecting restitution and forfeiture is not a double remedy because each serves different goals; the focus of restitution is making the victim whole, while forfeiture focuses on punishing the defendant. *United States v. Hernandez*, 803 F.3d 1341, 1343–44 (11th Cir. 2015) (per curiam).

A forfeiture judgment violates the Excessive Fines Clause of the Eighth Amendment if it is grossly disproportional to the gravity of a defendant's offense. *United States v. Sperrazza*, 804 F.3d 1113, 1126 (11th Cir. 2015). We consider whether forfeiture does so by considering: "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing

Commission); and (3) the harm caused by the defendant." *Id.* at 1127 (quotation marks omitted).

Graves asserts that the forfeiture order is excessive because he had to forfeit several properties[4] and then pay restitution equal to the amount of money he paid for forfeiture. But the court had to impose both forfeiture and restitution for Graves' crime. Graves' restitution went to the Small Business Association, which had provided him with the loans, while Graves' forfeiture was a punishment for his crimes that went to the Department of Justice. This is allowed under our precedent. *Hernandez*, 803 F.3d at 1343–44.

Turning to the test from *Sperrazza*, Graves concedes that he falls within the class of persons subjected to forfeiture. 804 F.3d at 1127. His forfeiture order was within a permissible range—$1,355,600, which was below the maximum statutory fine of $2,711,200. 18 U.S.C. § 3571(d). Lastly, the forfeiture was proportional to the harm that he caused because it reflects only the amount that he gained through his fraud and no more, and his offense caused a direct loss to the Small Business Association. *Sperrazza*, 804 F.3d at 1127.

---

[4] According to the Preliminary Order of Forfeiture, incorporated by the district court at sentencing, Graves was liable for $1,355,600 for forfeiture. The government could seek forfeiture of Graves' properties as a substitute asset forfeiture because Graves used the proceeds of the $1,355,600 in loans to purchase the properties.

24-12089 Opinion of the Court 9

Thus, the forfeiture order is not an excessive fine under the Eighth Amendment, and we affirm as to this issue.

**DISMISSED IN PART**, **AFFIRMED IN PART**.